UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Civil File No.: 01-CV-1302 (PAM/~~JGL~~) RLE

Gloria J. Nelson,

Plaintiff,

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY**

v.

Computer Motion, Inc.,
a Delaware corporation,

Defendant,

**STIPULATION**

Because it may become necessary during discovery in this matter for the parties to inquire as to confidential employee, business, financial and other information not otherwise available to the public generally; and

Because the parties mutually desire to protect and maintain the confidentiality of all such information,

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, Gloria J. Nelson ("Plaintiff") and Defendant, Computer Motion, Inc. ("Defendant"), through their respective legal counsel, that:

1. The following definitions shall apply to this Stipulation:

A. As used in this Stipulation the term "confidential material" shall mean all information, documents, materials and tangible items designated by any producing party to be confidential, including specifically, but not exclusively, written discovery, deposition

(22)

FILED JUL 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

transcripts and documents, data or other information furnished during the course of this action that is designated by a party to be confidential. Each party shall designate any material it deems to be confidential in the following manner:

(1) By stamping all documents with the designation "Confidential".

(2) By imprinting the designation "Confidential" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission.

(3) All deposition transcripts shall be confidential for a period of thirty (30) days after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be confidential shall be treated as confidential. The party designating a portion of a deposition transcript as confidential shall provide written notice to all parties by listing the page of the material to be kept confidential. In any deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "Confidential" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the Court unless placed in a sealed envelope bearing the designation hereinafter provided for in Paragraph 3 of this Stipulation. This shall not prevent a party from filing any portion of a deposition, unsealed, not specifically designated as confidential.

(4) By describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept confidential.

(5) By affixing to the canister or cassette of all videotapes the designation "Confidential".

B. As used in this Stipulation, the phrase "prosecution and/or defense of this action" shall mean preparation for trial of this action, including specifically, but not exclusively, pre-trial discovery pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure, trial of this action, and preparation for, participation in, and prosecution and defense of, any appeal, rehearing, review or other judicial proceeding which relates to the subject matter of this action.

C. In the event "confidential material" is produced inadvertently by the undersigned parties without a "confidential" designation, the undersigned parties agree to keep and treat as confidential such materials after the materials are designated as "confidential."

2. Unless and until agreed by the undersigned parties, or ordered by the Court, all confidential materials, and any information derived from such confidential materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this action. Confidential materials shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties, including partners and associates of such counsel; (b) employees of such counsel in connection with the prosecution and/or defense of this action; (c) the parties in connection with the prosecution and/or defense of this action; (d) any officer, director, manager, employee or agent of the parties to whom access is reasonably necessary to assist counsel in rendering professional services in connection with the prosecution and/or defense of this action; (e) experts, consultants, potential witnesses and/or any other person retained in connection with the prosecution and/or defense of this action or to whom counsel for any party believes in good faith that it is necessary that confidential materials be shown for the purpose of prosecution and/or defense of this action; and (f) the Court; provided, however, that: (1) Each such entity or person referred to in Subsection (c) of this Paragraph must execute an agreement to be bound by this Stipulation and order before the disclosure of any confidential materials to such entity or person; (2) such agreement to be bound by this Stipulation and Order shall be in a form identical to that which is attached as Exhibit A; and (3) a copy of each such executed agreement to be bound by this Stipulation and Order shall be kept by the counsel of record who disclosed any confidential material to any such entity or person and, excepting consulting experts, shall be available to the other counsel of record upon request.

3. No confidential materials, or confidential materials that are reproduced, referred to or otherwise contained in transcripts of depositions, exhibits, written discovery or other documents, may be filed with the Court or the Clerk of Court unless placed prior to such filing in a sealed envelope marked "CONFIDENTIAL--SEALED PURSUANT TO COURT ORDER."

4. Upon termination of the prosecution and/or defense of this action, all recipients of confidential materials other than legal counsel to the parties shall return all such confidential materials in their possession, including all copies of such confidential materials that were made by them or at their direction, to the party who originally produced such material. Termination of the prosecution and/or defense of this action shall not, however, relieve any person to whom confidential material was disclosed, including counsel for the parties, from the obligation of maintaining the confidentiality of all confidential material received pursuant to this Stipulation and Order.

5. This stipulation shall not be construed as an admission by any party that any material designated confidential is actually entitled to confidential treatment pursuant to Fed. R. Civ. Proc. 26(c). Any party may object to the designation by any other party of any material as confidential by notifying the party that designated the material as confidential in writing and stating the basis for its objection. If the parties thereafter are unable to resolve the matter, it shall be submitted to the Court for resolution. The party claiming the material in question is confidential shall bear the burden of proof on that issue. Pending resolution by the Court, all materials designated by a party to be confidential shall be treated as confidential.

6. Notwithstanding any other provision contained herein and without waiving any objection regarding admissibility, and subject to the rules of evidence and order of the Court, a party may use documents designated as confidential for any purpose in the trial of this action provided that counsel for the party who produced such material is given a reasonable opportunity prior to the time

Dated: July 12, 2002.

NICHOLS KASTER & ANDERSON

By: [signature]

James H. Kaster, #53946
Diane M. Odeen, # 284142
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-1919

ATTORNEYS FOR PLAINTIFF
GLORIA J. NELSON

of such proposed use to seek a Court-order protecting said material's confidential status. Nothing in this paragraph shall be construed as requiring any party to disclose trial exhibits prior to the date required by the Court.

7. Nothing in this stipulation shall impose any restrictions on any party with respect to information, documents, materials and/or tangible items the party may have or may acquire independently of another party's response to discovery requests. Notwithstanding the foregoing, to the extent that any party produces documents which the other party considers to be confidential, the producing party agrees to treat those documents as confidential pursuant to this Stipulation upon notice from the other party. Nor shall this stipulation limit the use of matters in the public record. This stipulation shall not be construed to prohibit any party from contacting any person merely because the person's identity is disclosed in a document or material designated by a party as confidential.

8. Nothing in this Stipulation and order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege, or on other grounds not related to the confidentiality of the documents being produced.

Dated: July 18, 2002.

JACKSON LEWIS SCHNITZLER & KRUPMAN LLP

By:________________________
David J. Duddleston (#139804)
Paul Egtvedt (#282194)
150 Fifth Street Towers, Suite 2800
150 South Fifth Street
Minneapolis, MN 55402
(612) 341-8131

ATTORNEYS FOR DEFENDANT
COMPUTER MOTION, INC.

**ORDER**

Based upon the foregoing Stipulation:

IT IS HEREBY ORDERED that the above Stipulation shall be, and hereby is, adopted as the Order of this Court, and the parties are directed to fully comply therewith.

IT IS FURTHER ORDERED that the Clerk of this Court is directed to maintain the confidentiality of any documents filed with the Court in accordance with Paragraph 3 of the Stipulation.

Dated: July 22, 2002.

BY THE COURT:

Raymond L. Erickson, United States Magistrate Judge

**EXHIBIT A**

This is to certify that the undersigned has read and is fully familiar with the provisions of the Stipulation and Order Regarding Confidentiality of discovery materials dated _______________, in the action entitled, *Glora J. Nelson v. Computer Motion, Inc.*, Case No. 01-CV-1302 (PAM/JGL).

As a condition precedent to my examinations of any Confidential Discovery Materials in connection with this case, or my obtaining any information from said Confidential Discovery Materials, I hereby agree that this Stipulation and Order Regarding Confidentiality shall be deemed to be directed to and shall include me and I shall observe and comply with the provisions of this Stipulation and Order Regarding Confidentiality.

Dated: ______________________

________________________________________
Name (Signature)

________________________________________
Name (Printed)